# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARIO PEEPLES, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 19-00945-TFM-B |
| MOBILE POLICE DEPARTMENT, *et al.*, | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(S), is before the Court on Plaintiff Mario Peeples' *pro se* complaint. (Doc. 1). Upon careful review, it is **RECOMMENDED** that this action be **dismissed without prejudice**, prior to service of process, pursuant to Rule 41(b) of Federal Rules of Civil Procedure, for failure to prosecute and failure to obey the Court's orders.

## I. BACKGROUND

On November 7, 2019, Plaintiff, Mario Peeples, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983 related to an incident that occurred on October 8, 2019. (Doc. 1). According to Peeples, he was improperly arrested by officers with the Mobile Police Department for public lewdness, making terroristic threats, possession of burglary tools, and obstruction of justice. (Doc. 1). Peeples also claims that the District Attorney's office deprived him of bond on the public lewdness charge. (Id.). On

December 9, 2019, the Court issued an order informing Peeples that his complaint was not on the form required by this Court for prisoner actions under § 1983 and that he did not pay the statutory filing fee of $350.00, nor did he file a motion to proceed without the prepayment of fees. (Doc. 2). Peeples was directed to re-file his complaint, by January 6, 2020, on the form required by this Court and to file a conforming motion to proceed without prepayment of fees. (Id.). Peeples was further advised that failure to comply with the Court's order within the prescribed time or to advise the Court of a change in address would result in the dismissal of this action without prejudice for failure to prosecute and to obey the Court's Order. (Doc. 2).

The order was mailed to Peeples at his last known address, *i.e.,* the Mobile County Metro Jail. (Id.). On December 12, 2019, the order was returned to the Court marked undeliverable, "no longer here." (Doc. 3). To date, Peeples has not responded to the Court's order, nor has he notified the Court of his change of address.

**II. DISCUSSION**

"An action may be dismissed if a [plaintiff] fails to prosecute it or if he fails to comply with any court order." Bass-El v. District Attorney, Mobile Cnty., 2016 U.S. Dist. LEXIS 87762, *3, 2016 WL 3675803, *1 (S.D. Ala. June 15, 2016), *report and recommendation adopted*, 2016 WL 3676613 (S.D. Ala. July 7, 2016)(citing Fed. R. Civ. P. 41(b)). "District courts possess inherent power to sanction errant litigants before them[,]"

including the power to dismiss an action for failure to prosecute. Bolar v. Southern Intermodal Express, 2018 U.S. Dist. LEXIS 158788, *5, 2018 WL 5116539, *2 (S.D. Ala. Sept. 17, 2018), *report and recommendation adopted sub nom.,* 2018 U.S. Dist. LEXIS 179588, *2, 2018 WL 5116093 (S.D. Ala. Oct. 19, 2018) (quoting Hudson v. Cardwell Corp., 2006 WL 2135791, *1, 2006 U.S. Dist. LEXIS 55306 at *3 (S.D. Ala. July 27, 2006)).

Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to prosecute or abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."); Smith v. HSBC Bank USA, Nat'l Ass'n, 679 Fed. Appx. 876, 879 (11th Cir. 2017)("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.") (citation omitted). "[A] court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).

While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 F. Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.).

In the instant action, Peeples has failed to pay the required filing fee; he has failed to seek leave to proceed without prepayment of fees; and he has failed to notify the Court of his change of address. This conduct strongly suggests that Peeples has lost interest in this litigation and does not intend to prosecute this action. This is particularly true given the fact that the Court has no way to communicate with Peeples since he has not updated his address. Accordingly, under the circumstances, the Court finds that no alternatives short of dismissal will suffice. Cf. Bass-El, 2016 U.S. Dist. LEXIS 87762 at *3, 2016 WL 3675803 at *2 (petitioner's action was dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to obey the court's order where petitioner failed to respond to the court's order, and the order was returned to the court as undeliverable -- apparently because petitioner was no longer confined in the

4

Mobile County Metro Jail, the address supplied when he filed his habeas petition).

**III. CONCLUSION**

For the reasons set forth herein, the undersigned **RECOMMENDS** that this action be **DISMISSED, without prejudice**, pursuant to Rule 41(b) of the <u>Federal Rules of Civil Procedure</u>, for failure to obey the Court's order and failure to prosecute.

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **6th** day of **January, 2020.**

                                          **/s/ SONJA F. BIVINS**
                                          **UNITED STATES MAGISTRATE JUDGE**